[Civ. No. 24249. Second Dist., Div. One. Oct. 25, 1960.]

STANLEY C. ELSIS et al., Appellants, v. GORDON EVANS,
Respondent.

Arthur Garrett for Appellants.

Dean M. McCann, John H. Nelson and Frank A. Mouritsen for Respondent.

WOOD, P. J.—Plaintiffs appeal from a judgment on the pleadings.

This is an action for injunctive relief and for damages with respect to alleged unfair labor practices.

Three of the plaintiffs are officers of Office Employees International Union, Local 30, and three of the plaintiffs are members of that union. The action was also upon behalf of the union and the other members of the union. Plaintiffs dismissed the action as to all defendants except defendant Evans.

A preliminary injunction was granted. On appeal, the order granting that injunction was reversed. (*Elsis* v. *Evans*, 157 Cal.App.2d 399 [321 P.2d 514].)

After the decision on the former appeal, the action was set for jury trial as an action for damages. At the trial on October 16, 1958, the defendant Evans made a motion for judgment on the pleadings, and after arguments were made thereon, the trial was continued to December 29, 1958. On December 24, 1958, the order of continuance was rescinded and the motion for judgment on the pleadings was submitted and granted. A memorandum opinion of the trial judge indicates that one of the grounds upon which the motion was granted was that the state courts did not have jurisdiction to award damages in this action for the reason that the National Labor Relations Board had exclusive jurisdiction.

Appellants contend that, in determining that motion for judgment on the pleadings, the trial court could consider only the allegations of the complaint; and that no facts are alleged in the complaint to show, or from which it can be inferred, that respondent Evans' business activities come within the realm of interstate commerce.

The allegations of the complaint are stated in detail in the opinion on the former appeal (*Elsis* v. *Evans*, 157 Cal.App.2d 399, 400-403 [321 P.2d 514]), and it is not necessary to repeat them here. A general statement of those allegations (excluding the allegations regarding the legal capacity of the plaintiffs

and excluding the allegations regarding the defendants as to whom the action was dismissed) is as follows: Defendant Evans, under the firm name of Thrifty Telephone Answering Service, is engaged in the business of conducting a telephone answering service for his customers and clients. He interfered with the rights of employees to organize and bargain collectively; discharged employees for union membership and activities; refused to recognize the union as the employees' bargaining agent; and blacklisted employees who had been discharged. The acts of defendant ''are contrary'' to the provisions of sections 920, 921, 922, 923, 1050, 1051, 1052, 1053 and 1054 of the Labor Code and to the Fourteenth Amendment of the federal Constitution and to article I, sections 1, 9, 10 and 13 of the state Constitution. Plaintiffs sustained damages by reason of the activities and conduct of defendant.

On the former appeal it was held that Evans' business activities were within the realm of interstate commerce; that ''the acts and conduct in which appellant [Evans] is prohibited from engaging, and the acts which he is compelled to do by the preliminary injunction constitute acts and conduct either protected or prohibited by the National Labor Management Relations Act''; and that the National Labor Relations Board had exclusive jurisdiction to grant injunctive relief from such acts and conduct; and that the state courts had no jurisdiction to grant injunctive relief therefrom. (*Elsis* v. *Evans,* 157 Cal.App.2d 399 [321 P.2d 514].) [█ ] In *San Diego Bldg. Trades Council* v. *Garmon,* 359 U.S. 236 [79 S.Ct. 773, 3 L. Ed. 2d 775], it was held that, in cases in which the National Labor Relations Board has jurisdiction to grant relief, the state courts do not have jurisdiction to award damages for activities which are within the jurisdiction of the National Labor Relations Board.

It therefore appears that in the event the National Labor Relations Board had jurisdiction to grant relief with respect to the alleged acts and conduct of Evans the state courts had no jurisdiction in the matter and the order granting the motion for judgment on the pleadings was proper.

█ Appellants argue that there are no facts alleged in the complaint which show, or from which it can be inferred, that Evans' business activities were within the realm of interstate commerce. In other words, it seems to be appellants' argument that the allegations of the complaint are insufficient to show that Evans is engaged in interstate commerce, and for that reason there are no allegations to show that the Labor

Relations Board had jurisdiction to grant relief from the acts and conduct of Evans as alleged in the complaint. The allegations of the complaint, with respect to such activities, are as follows: Evans "is engaged in a business of conducting a telephone answering service for his customers and clients, who are considerable in number. Said service is conducted and operated by having an extension line of the customer's or client's telephone wired and installed through a telephone switchboard maintained and operated by defendant Evans and his employees. When the client or customer does not answer his telephone or is away from his place of business, defendant Evans' employees answers the telephone call for the client or customer, takes messages and information and on instructed occasions makes business and other appointments for said clients or customers. . . . Defendant Evans in the operation of his business as aforesaid, normally employs eight operators in his daily business."

The trial court could reasonably infer therefrom that Evans' answering service received interstate calls for clients and customers. On the prior appeal, it was said: "We are persuaded that appellant's activities in a telephone answering service receiving interstate as well as intrastate communications must be held to affect interstate commerce. To hold otherwise would require the courts to shut their eyes and ears to everyday happenings of contemporary life. This they cannot do. Such a telephone answering service as here involved manifestly must be regarded as an integral part of the communications system operating throughout the United States." (*Elsis* v. *Evans*, 157 Cal.App.2d 399, 418 [321 P.2d 514].)

It can reasonably be implied from the allegations of the complaint that Evans was engaged in interstate commerce.

On oral argument, in reply to a contention to the contrary set forth in respondent's brief, appellants contended that the complaint states a cause of action under the Labor Code for damages for blacklisting, and that the acts alleged, which constituted blacklisting under the Labor Code, are not acts which constitute blacklisting under the Federal Labor Relations Management Act. The allegations regarding blacklisting, in the complaint, are as follows: About March 7, 1956, Evans and certain other defendants and others agreed to blacklist plaintiffs and other members of the union. Immediately thereafter Evans prepared, and delivered to defendants and others, a written document in which he listed the

614

names of each of the plaintiffs whom he had discharged and the names of two of his former employees. In the document Evans stated that each of the persons listed had been discharged by reason of membership in and activities in behalf of the union, and he indicated that all other telephone answering service owners should refuse to employ any of the persons whose names were on the list. About the same time Evans called certain other defendants by telephone, and he "gave to each of them the names of plaintiffs and the names of the two former employees referred to above; and Evans stated to those defendants that plaintiffs and the two former employees had been discharged by reason of their union activities; and Evans requested and demanded that the defendants, whom he called, refuse to employ plaintiffs or the two former employees. The acts of Evans were malicious, and plaintiffs had sustained damages therefrom.

Relief from the acts which plaintiffs alleged regarding blacklisting was within the jurisdiction of the National Labor Relations Board. (See *Phelps Dodge Corp.* v. *National Labor Relations Board*, 313 U.S. 177 [61 S.Ct. 845, 85 L. Ed. 1271, 133 A.L.R. 1217].)

 Appellants state that an amendment of the National Labor Management Relations Act (effective November 13, 1959) now provides authority for the state court to act in the matter. The complaint herein was filed on June 13, 1956. The motion for judgment on the pleadings was made on October 16, 1958. The order granting the motion was made on December 24, 1958. The appeal was filed on April 17, 1959. The effect, if any, of the amendment, which became effective subsequent to all of said dates, therefore cannot be considered on the appeal.

 Appellants contend that the court erred in not permitting them to amend. Appellants do not state, and it does not appear, in what manner the complaint could have been amended to state a cause of action which would not have been within the exclusive jurisdiction of the National Labor Relations Board at the time the motion was granted. Under such circumstances, the court did not err in granting the motion without authorizing appellants to amend.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.